# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ORLANDO M. GUTIERREZ | § | |
| | § | |
| V. | § | A-18-CV-439-RP |
| | § | |
| COURONNE COMPANY GLASS AND | § | |
| METAL, JOHNNY GONZALEZ AND | § | |
| NFN NLN | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Orlando M. Gutierrez's Application to Proceed *In Forma Pauperis* (Dkt. No. 4) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 3). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Gutierrez's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Gutierrez is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Gutierrez's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Gutierrez has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable

inferenc e that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.    Guitierrez's Lawsuit**

Gutierrez is alleging claims under Title VII and the Americans with Disabilities Act (ADA) for discrimination based on his race, gender, religion, and disability (schizophrenia). To bring a claim "[u]nder Title VII . . . and the ADA, a plaintiff must exhaust administrative remedies before pursuing employment discrimination claims in federal court." *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207 (5th Cir. 2015) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d at 379. In the instant case, Gutierrez claims he filed a charge of discrimination with the EEOC on September 1, 2016, but also acknowledges that never received a right-to-sue letter from the EEOC. Because Gutierrez has failed to allege that he received a right-to-sue letter or present evidence that such a letter was issued, he has failed to exhaust his administrative remedies and his case must be dismissed. *See, e.g., Hall v. Ouachita Parish Corr. Center*, 2008 WL 724230, at *2 (W.D. La. Mar. 17, 2008) (dismissing Title VII claim for failure to exhaust administrative remedies where plaintiff did not offer evidence of a right-to-sue letter and did not allege that he had received such a letter); *Shabazz v. Texas Youth Com'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (same); *Dao v. Auchan Hypermarket*,1995 WL

3

902483, at *2 (S.D. Tex. Dec. 5, 1995), aff'd 96 F.3d 787 (5th Cir. 1996) (dismissing ADA claim for failure to exhaust where plaintiff did not allege that she filed a charge with the EEOC or that she obtained a right-to-sue letter prior to filing suit).

**C.    Warnings**

Finally, the undersigned notes that this is not the first lawsuit that Gutierrez has filed. *See Gutierrez v. Austin Community College*, 1:18-CV-155-LY (W.D. Tex. 2018); *Gutierrez v. Texas Mutual Ins.*, 1:18-CVV-257-LY (W.D. Tex. 2018); *Guteirrez v. LNU*, 1:18-CV-279-LY (W.D. Tex. 2018); *Gutierrez v. Workforce Solutions*, 1:18-CV-387-LY (W.D. Tex. 2018); *Guteirrez v. Horm et al,* 1:18-CV-406-LY (W.D. Tex. 2018); *Guteirrez v. Nordstrom Domaine,* 1:18-CV-416-LY (W.D. Tex. 2018). A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. In the *Workforce Solutions* case, the Court has recommended that Gutierrez be ordered to show cause why he should not be barred from filing further suits in this Court. That matter remains pending before the district court in that case.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status (Dkt. No. 4). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Gutierrez's complaint as frivolous.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

4

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE